David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 130
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 967-6665
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff
*Greg Ugrin*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Greg Ugrin individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HP Locate LLC and with Servis One, Inc. dba BSI Financial Services, Inc.<br>Defendant. | Case No:<br><br>**[Class Action]**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. Greg Ugrin ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this First Amended Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of HP Locate, LLC ("HP Locate") and with Servis One, Inc. doing business as BSI Financial Services, Inc. ("BSI") and their related entities, subsidiaries and agents, referred to jointly as "Defendants," in negligently, knowingly, and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC,* __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district, the harm to Plaintiff occurred in this judicial district, and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada because they conducts business there.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Las Vegas, County of Clark, State of Nevada. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant HP Locate is incorporated in the State of Delaware.

11. The actions alleged herein to have been undertaken by the Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants. Further each defendant was acting on behalf of and with the apparent authority of the other defendant and ratified all conduct.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was a citizen of the State of Nevada. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. HP Locate is, and at all times mentioned herein was, a LLC and a "person," as defined by 47 U.S.C. § 153 (39).

14. BSI is, and at all times mentioned herein was, a LLC and a "person," as defined by 47 U.S.C. § 153 (39).

15. At all times relevant, HP Locate conducted business in the State of Nevada and in the County of Clark, within this judicial district.

16. At all times relevant, BSI conducted business in the State of Nevada and in the County of Clark, within this judicial district.

17. Plaintiff allegedly incurred a financial obligation (the "Debt") to Wells Fargo in the form of a home mortgage. At some point, Wells Fargo transferred, sold or otherwise conveyed its rights in the Debt to U.S. Bank, N.A.

18. Upon information and belief, U.S. Bank, N.A. contracted BSI to act as a "servicer" for the Debt.

19. Upon information and belief, in its attempt to collect the Debt, BSI contracted with HP Locate to collect the Debt from the Plaintiff.

20. In its attempt to collect the Debt for BSI, HP Locate contacted Plaintiff on his home phone on or about May 1, 2013 and left a message for Plaintiff stating:

> Hi, this message is for Greg Ugrin. This is Page, and I'm working with a private investigator at the company HP Locate. We have some urgent information we need to get across to you as soon as possible. Please give me a call back. My number is 1-888-331-1435. Again, this is Page with HP Locate, and my number is 1-888-331-1435. Thank you.

21. Plaintiff was extremely disturbed that he was being called by a "private investigator" and called HP Locate at "1-888-331-1435" from his cell phone number ending "4212".

22. At no time during his call with HP Locate did Plaintiff provide consent for HP Locate to contact him at his cell phone number ending "4212".

23. At no time during his call with HP Locate did Plaintiff provide HP Locate with his cell phone number.

24. Upon information and belief, Defendants use caller identification technology, and upon receiving the call from Plaintiff's cell phone, without Plaintiff's consent, Defendants captured Plaintiff's cell phone number and stored Plaintiff's cell phone number in Defendants' information database.

25. Defendants thereafter began calling Plaintiff on his cell phone number ending "4212" on, at least, the following dates: May 10, 2013, May 20, 2013 and May 21, 2013.

26. Defendants contacted Plaintiff on Plaintiff's cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. The artificial or prerecorded voice call was directed to Plaintiff by name regarding an alleged debt.

29. On numerous occasions Plaintiff requested Defendants' representatives cease calling him.

30. However, Defendants' prerecorded calls via an ATDS continued.

31. At no point did Plaintiff consent to being contacted on his cell phone by Defendants for any purpose. More specifically, Plaintiff at no time gave Defendants any consent to be contacted on his cell telephone via an ATDS and/or a prerecorded message.

32. Further, should any consent have ever been provided by Plaintiff, which it had not, Plaintiff revoked any such consent to contact his cellular telephone when he was connected by Defendants' representatives.

33. The collection calls from Defendants' telephone numbers (888) 331-1438 to Plaintiff's cellular telephone number ending in "4212" were unsolicited by Plaintiff and without Plaintiff's permission or consent.

34. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

35. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff did not provide Defendants or its agent(s) prior express consent to receive the calls on or about May 10, 2013, May 20, 2013 and May 21, 2013, or at any time to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

37. The telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

38. Throughout the month of May, 2013 on multiple occasions, Defendants continued contacting Plaintiff on Plaintiff's cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Specifically, Defendants called Plaintiff's cellular number on the following times and dates: May 10, 2013, May 20, 2013 and May 21, 2013.

39. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. These telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

42. Plaintiff represents, and is a member of the Class, consisting of:

> **All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone/s made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.**

43. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of

additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records and/or Defendants' agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

 a) Whether, within the four years prior to the filing of the Complaint, Defendants or its agents sent any unsolicited artificial or prerecorded voice message/s to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

 b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

 c) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

48. As a person who received at least one artificial or prerecorded voice message utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against each Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Any other relief the Court may deem just and proper.

### TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Haines & Krieger, LLC**

Date: August 21, 2013

By: */s/ David Krieger*
David Krieger, Esq.
Attorneys for Plaintiff